PER CURIAM.
National Railroad Passenger Corp. [Amtrak], defendant below, appeals from an order granting the plaintiffs motion for a new trial in an action brought under the Federal Employers’ Liability Act [FELA], For the following reasons, we reverse.
Omar de Armas, an Amtrak employee, sued his employer alleging that while working for Amtrak, he had sustained back injuries. Following entry of a jury verdict in favor of Amtrak, the plaintiff moved for a post-trial interview of the jurors.
In his motion plaintiff alleged that he had received an unsolicited phone call from juror Hernandez. Hernandez allegedly told him that the jury foreperson, who was identified during voir dire as a lawyer employed as an unemployment compensation referee, “stonewalled” the jurors by haranguing them to listen to him because he “knew the law.” Plaintiffs counsel received an unsolicited anonymous letter that contained the same allegation. The court granted the plaintiffs motion to interview the jurors. Amtrak sought certio- *587 rari review in this court; its petition was denied. The interview occurred nine or ten months after the deliberations concluded.
During the post-trial jury interview the jurors were questioned about deliberations; juror Hernandez testified that she was unduly influenced by the foreperson’s statements and attitude. The other jurors and the foreperson himself denied that any such statements were made. Jurors were also alleged to have discussed OSHA regulations, which were not an issue during trial, during deliberations. The trial court granted the motion for new trial but made no findings.
The trial court abused its discretion in granting the posttrial jury interview. “[I]t is impermissible to receive juror affidavits or other testimony for the purpose of setting aside the verdict on the ground ... ‘that [the juror] was unduly influenced by the statements or otherwise of his fellow jurors ... ’ ” Maler v. Baptist Hospital of Miami, Inc., 559 So.2d 1157, 1160 (Fla. 3d DCA 1989).
In order to constitute juror misconduct, and, therefore, a matter extrinsic to the verdict sufficient to set aside the verdict or for a port-trial jury inquiry, Florida and other courts have consistently held that some objective act must have been committed by or in the presence of the jury or a juror which compromised the integrity of the fact-finding process ....
Id. at 1162.
In this case there was no allegation or evidence of such misconduct.[1] It was thus improper to conduct the jury interview, and to grant a new trial.
Reversed and remanded with directions to reinstate the jury verdict in favor of Amtrak.

. Any discussion of OSHA regulations was likewise not sufficient to permit a post-verdict interview. See Devoney v. State, 717 So.2d 501 (Fla.1998).